UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,

vs.

GRAMANZINI BEACH PROPERTIES III, LLC
and SENOR FROG'S HOLLYWOOD, LLC,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, GRAMANZINI BEACH PROPERTIES III, LLC and SENOR FROG'S HOLLYWOOD, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 1402 N Surf Road, Hollywood, FL 33019 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in Broward County and the Southern District.

1

## PARTIES

4. Plaintiff, DANIEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from above the knee and relies on a wheelchair for mobility. As such, he qualifies as an individual with a disability under the ADA.

5. Defendant, GRAMANZINI BEACH PROPERTIES III, LLC, is a Florida limited liability company that is authorized to conduct business in the state and operates within this judicial district.

6. Based on records from the Broward County Property Appraiser's Office, Defendant, GRAMANZINI BEACH PROPERTIES III, LLC, is the owner of the Subject Premises.

7. Defendant, SENOR FROG'S HOLLYWOOD, LLC, is a Florida limited liability company that is registered to do business in Florida and operates within this judicial district. It owns and/or operates the restaurant known as "SENOR FROG'S," which is located at the Subject Premises.

8. According to information from the Florida Department of Business and Professional Regulation, SENOR FROG'S HOLLYWOOD, LLC, operating under the name SENOR FROG'S, received a Permanent Food Service Seating license for the Subject Premises on August 23, 2024, and a Retail Beverage license on April 20, 2024.

9. Senor Frog's Hollywood Beach is a lively Mexican-themed restaurant and bar known for its vibrant atmosphere and engaging entertainment. They have a diverse menu featuring traditional Mexican dishes such as tacos and enchiladas, as well as signature yard cocktails. The establishment is renowned for its high-energy ambiance, making it a popular destination for both locals and tourists seeking a festive dining experience. The Plaintiff enjoys visiting Senor Frog's

2

Hollywood Beach and values the quality of its food and the lively environment. However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA. Plaintiff has previously visited a Senor Frog's location in Miami but found it too crowded, making navigation difficult as a wheelchair user. As a result, he prefers visiting the Hollywood location, which he believed would provide a more accessible and less congested experience. Unfortunately, the accessibility barriers at this location have prevented him from having full and equal access.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff, has personally visited the Subject Premises and directly encountered physical barriers that impeded his access. As a result, he was forced to navigate these obstacles, causing him legal harm and injury. These barriers remain unaddressed, subjecting Plaintiff to ongoing harm due to Defendants' failure to comply with ADA requirements.

11. Plaintiff has visited the Subject Premises and intends to return to access the goods, services, and accommodations available to the public. However, the presence of discriminatory barriers and non-compliant policies deters him from doing so until they are remedied.

12. Due to the presence of accessibility barriers, Plaintiff has been denied full and equal access to the Subject Premises and its offerings. These denials stem from the physical obstacles detailed in this Complaint and will persist unless corrective action is taken.

13. In addition to seeking personal access to the Subject Premises, Plaintiff is an advocate for disability rights and is committed to ensuring the enforcement of civil rights protections for himself and others similarly situated.

14. Under 42 U.S.C. § 12134(a), the U.S. Department of Justice, through the Office of the Attorney General, issued revised regulations for Title III of the ADA, published in the Federal

Register on September 15, 2010. These regulations mandated compliance with updated accessibility standards by March 15, 2012.

15. The "Safe Harbor" provision in 28 CFR § 36.304(d)(2)(i) states that existing elements in facilities that have not been altered since March 15, 2012, and that conform to the 1991 Standards, are not required to be modified to meet the 2010 Standards. However, the violations identified in this Complaint fail to comply with both the 1991 and 2010 ADA Standards.

16. Given that the Subject Premises was designed, constructed, and obtained its State Licensure in 2024, Plaintiff contends that the ongoing ADA violations are intentional and will persist without Court intervention, further compounding the harm Plaintiff has experienced and will continue to endure.

17. As a place of public accommodation and a service establishment, the Subject Premises is legally obligated to adhere to the ADA and ADAAG standards. Despite this requirement, the premises remains non-compliant.

18. Plaintiff has suffered injury and harm as a direct result of encountering access barriers at the Subject Premises. The Defendants' continued failure to correct these violations ensures that Plaintiff will remain subjected to ongoing harm.

19. Plaintiff has sustained both direct and indirect injuries due to the physical barriers and ADA violations at the Subject Premises. Defendants' failure to address these issues has resulted in continued injury and discrimination against Plaintiff.

20. On February 23, 2025, Plaintiff attempted to visit the Subject Premises but was unable to do so because of his disability. The presence of physical barriers, hazardous conditions, and ADA violations prevented him from accessing the property and its accommodations.

21. Plaintiff plans to return to the Subject Premises in the near future to access its goods, services, and amenities. However, his ability to do so is hindered by the continuing physical barriers and ADA violations that obstruct access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

22. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23. Defendants, GRAMANZINI BEACH PROPERTIES III, LLC and SENOR FROG'S HOLLYWOOD, LLC, have engaged in unlawful discrimination against Plaintiff and other individuals with disabilities by failing to ensure full and equal access to the goods, services, facilities, privileges, advantages, and accommodations available at the Subject Premises. This failure violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and the ADA's Accessibility Guidelines set forth in 28 C.F.R. Part 36.

24. As the legal owner of the Subject Premises, GRAMANZINI BEACH PROPERTIES III, LLC is responsible for ensuring that the property adheres to the accessibility requirements of the ADA. This includes the obligation to remove architectural barriers where doing so is readily achievable, as mandated by 42 U.S.C. § 12182(b)(2)(A)(iv).

25. SENOR FROG'S HOLLYWOOD, LLC, as the business operator at the Subject Premises, is responsible for maintaining policies and practices that comply with the ADA. This includes ensuring that all barriers within its leased space are removed or modified to allow full accessibility to individuals with disabilities.

26. Plaintiff's ability to access and utilize the Subject Premises, including its goods, services, facilities, privileges, advantages, and accommodations, has been significantly restricted

due to the presence of physical barriers, hazardous conditions, and multiple ADA violations, including but not limited to the following:

### Accessible Parking

**i. Non-Compliant Surface Slope in Accessible Parking Space**
Plaintiff and other wheelchair users experience difficulty parking due to an excessive surface slope within the designated accessible parking space. ADA regulations require accessible parking spaces to have a slope not exceeding 2% in any direction to ensure stability for individuals with mobility impairments. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Reworking or repaving the parking space to provide a compliant surface slope is readily achievable.

**ii. Non-Compliant Surface Slope in Access Aisle**
The access aisle adjacent to the accessible parking space has a surface slope that exceeds the maximum allowable limit, making it difficult for wheelchair users, including Plaintiff, to maneuver safely. ADA regulations require access aisles to be level with a slope not exceeding 2% in any direction. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Adjusting the surface slope to comply with accessibility requirements is readily achievable.

**iii. Missing Required White Striping for Access Aisle**
Plaintiff is unable to identify the access aisle properly as it lacks the required white striping. Clearly marked access aisles are necessary for individuals with disabilities to distinguish them from regular parking spaces. This violates §502.3 of the ADAAG and §502.3 of the 2010 ADA Standards. Re-striping the access aisle to meet visibility requirements is readily achievable.

### Accessible Route from Parking to Entrance

**iv. Non-Compliant Cross Slope on Accessible Route**
The accessible route from the parking space to the entrance has an excessive cross slope, making navigation difficult for Plaintiff and other wheelchair users. ADA regulations require accessible routes to have a cross slope not exceeding 2% to ensure stability for individuals using mobility aids. This violates §403.3 of the ADAAG and §403.3 of the 2010 ADA Standards. Regrading or repaving the accessible route to provide a compliant cross slope is readily achievable.

**v. Ramp Missing Required Handrails**
The ramp along the accessible route does not have the required handrails, making it difficult for Plaintiff and other individuals with mobility impairments to use safely. ADA regulations require ramps rising over 6 inches to have handrails on both sides, mounted between 34 and 38 inches above the ramp surface. This violates §405.8 of the ADAAG and §405.8 of the 2010 ADA Standards. Installing compliant handrails is readily achievable.

**vi. Non-Compliant Ramp Slope**

Plaintiff and other wheelchair users face difficulty using the ramp due to its excessive running slope. ADA regulations limit ramp slopes to a maximum of 8.33% to ensure safe access. This violates §405.2 of the ADAAG and §405.2 of the 2010 ADA Standards. Reworking the ramp to provide a compliant running slope is readily achievable.

**Cashier Counter**

**vii. Counter Mounted at a Non-Compliant Height**

Plaintiff is unable to use the cashier counter as it is mounted above the maximum allowable height. ADA regulations require at least a portion of the counter to be no more than 36 inches above the finished floor to ensure accessibility. This violates §904.4.1 of the ADAAG and §904.4.1 of the 2010 ADA Standards. Modifying the counter to include a compliant accessible section is readily achievable.

27. Plaintiff has attempted to access the Subject Premises but was denied full and equal enjoyment of its goods, services, programs, and amenities due to his disability. The presence of physical barriers, unsafe conditions, and ADA violations caused him harm and will continue to do so unless Defendants take corrective measures to remove these barriers and comply with the ADA.

28. Beyond his personal need to access the Subject Premises without encountering unlawful barriers, Plaintiff is an advocate for disability rights and serves as a "tester" to ensure that public accommodations adhere to ADA requirements. In this capacity, Plaintiff has visited the Premises, directly encountered access barriers, engaged with those barriers, and suffered harm. He intends to revisit the property on a recurring basis to assess compliance and verify that any required modifications have been implemented and properly maintained. Plaintiff believes that absent Court intervention, Defendants will not address these violations, thereby subjecting him to continued harm.

29. Plaintiff, acting as a tester, plans to return to the Subject Premises once the necessary accessibility modifications are made. His intent is to confirm that Defendants have

brought the property into compliance with the ADA and that all accessibility improvements are appropriately maintained.

30. The removal of the physical barriers, hazardous conditions, and ADA violations described herein is readily achievable and can be accomplished without excessive difficulty or financial burden, as outlined in 42 U.S.C. § 12182(b)(2)(A)(iv), 42 U.S.C. § 12181(9), and 28 C.F.R. § 36.304.

31. Plaintiff lacks an adequate remedy at law and continues to suffer irreparable harm due to Defendants' failure to remove the access barriers at the Subject Premises. Without Court intervention, Plaintiff reasonably expects that these conditions will persist, subjecting him to ongoing harm.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by addressing and remedying all identified accessibility violations.

33. Under 42 U.S.C. § 12188(a), this Court has the authority to grant injunctive relief, which includes requiring Defendants to modify the Subject Premises to ensure it is fully accessible and compliant with the ADA. Additionally, the Court has the power to order the temporary closure of the Subject Premises until all necessary modifications have been completed.

34. Plaintiff requests a comprehensive inspection of the Subject Premises to identify all existing ADA violations, including any discriminatory barriers that may not have been immediately visible when Plaintiff initially encountered and documented accessibility obstacles.

**35.** Plaintiff has retained the undersigned counsel to initiate and litigate this action and is entitled to recover reasonable attorneys' fees, costs, and expenses from Defendants, as provided under 42 U.S.C. §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com