UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,

vs.

GRAMANZINI BEACH PROPERTIES III, LLC
and SENOR FROG'S HOLLYWOOD, LLC,
    Defendants.

Case No: 25-cv-60509-DSL

## AMENDED COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, and pursuant to Fed R. Civ. P. 15(a)(1), hereby files this Amended Complaint and sues Defendants, GRAMANZINI BEACH PROPERTIES III, LLC and SENOR FROG'S HOLLYWOOD, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 1402 N Surf Road, Hollywood, FL 33019 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in Broward County and the Southern District.

1

## PARTIES

4.      Plaintiff, DANIEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from above the knee and relies on a wheelchair for mobility. As such, he qualifies as an individual with a disability under the ADA.

5.      Defendant, GRAMANZINI BEACH PROPERTIES III, LLC, is a Florida limited liability company that is authorized to conduct business in the state and operates within this judicial district.

6.      Based on records from the Broward County Property Appraiser's Office, Defendant, GRAMANZINI BEACH PROPERTIES III, LLC, is the owner of the Subject Premises.

7.      Defendant, SENOR FROG'S HOLLYWOOD, LLC, is a Florida limited liability company that is registered to do business in Florida and operates within this judicial district. It owns and/or operates the restaurant known as "SENOR FROG'S," which is located at the Subject Premises.

8.      According to information from the Florida Department of Business and Professional Regulation, SENOR FROG'S HOLLYWOOD, LLC, operating under the name SENOR FROG'S, received a Permanent Food Service Seating license for the Subject Premises on August 23, 2024, and a Retail Beverage license on April 20, 2024.

9.      Senor Frog's Hollywood Beach is a lively Mexican-themed restaurant and bar known for its vibrant atmosphere and engaging entertainment. They have a diverse menu featuring traditional Mexican dishes such as tacos and enchiladas, as well as signature yard cocktails. The establishment is renowned for its high-energy ambiance, making it a popular destination for both locals and tourists seeking a festive dining experience. The Plaintiff enjoys visiting Senor Frog's

Hollywood Beach and values the quality of its food and the lively environment. However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA. Plaintiff has previously visited a Senor Frog's location in Miami but found it too crowded, making navigation difficult as a wheelchair user. As a result, he prefers visiting the Hollywood location, which he believed would provide a more accessible and less congested experience. Unfortunately, the accessibility barriers at this location have prevented him from having full and equal access.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff, has personally visited the Subject Premises and directly encountered physical barriers that impeded his access. As a result, he was forced to navigate these obstacles, causing him legal harm and injury. These barriers remain unaddressed, subjecting Plaintiff to ongoing harm due to Defendants' failure to comply with ADA requirements.

11. Plaintiff has visited the Subject Premises and intends to return to access the goods, services, and accommodations available to the public. However, the presence of discriminatory barriers and non-compliant policies deters him from doing so until they are remedied.

12. Due to the presence of accessibility barriers, Plaintiff has been denied full and equal access to the Subject Premises and its offerings. These denials stem from the physical obstacles detailed in this Complaint and will persist unless corrective action is taken.

13. In addition to seeking personal access to the Subject Premises, Plaintiff is an advocate for disability rights and is committed to ensuring the enforcement of civil rights protections for himself and others similarly situated.

14. Under 42 U.S.C. § 12134(a), the U.S. Department of Justice, through the Office of the Attorney General, issued revised regulations for Title III of the ADA, published in the Federal

Register on September 15, 2010. These regulations mandated compliance with updated accessibility standards by March 15, 2012.

15. The "Safe Harbor" provision in 28 CFR § 36.304(d)(2)(i) states that existing elements in facilities that have not been altered since March 15, 2012, and that conform to the 1991 Standards, are not required to be modified to meet the 2010 Standards. However, the violations identified in this Complaint fail to comply with both the 1991 and 2010 ADA Standards.

16. Given that the Subject Premises was designed, constructed, and obtained its State Licensure in 2024, Plaintiff contends that the ongoing ADA violations are intentional and will persist without Court intervention, further compounding the harm Plaintiff has experienced and will continue to endure.

17. As a place of public accommodation and a service establishment, the Subject Premises is legally obligated to adhere to the ADA and ADAAG standards. Despite this requirement, the premises remains non-compliant.

18. Plaintiff has suffered injury and harm as a direct result of encountering access barriers at the Subject Premises. The Defendants' continued failure to correct these violations ensures that Plaintiff will remain subjected to ongoing harm.

19. Plaintiff has sustained both direct and indirect injuries due to the physical barriers and ADA violations at the Subject Premises. Defendants' failure to address these issues has resulted in continued injury and discrimination against Plaintiff.

20. On February 23, 2025, Plaintiff attempted to visit the Subject Premises but was unable to do so because of his disability. The presence of physical barriers, hazardous conditions, and ADA violations prevented him from accessing the property and its accommodations.

21. Plaintiff plans to return to the Subject Premises in the near future to access its goods, services, and amenities. However, his ability to do so is hindered by the continuing physical barriers and ADA violations that obstruct access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

22. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23. Defendants, GRAMANZINI BEACH PROPERTIES III, LLC and SENOR FROG'S HOLLYWOOD, LLC, have engaged in unlawful discrimination against Plaintiff and other individuals with disabilities by failing to ensure full and equal access to the goods, services, facilities, privileges, advantages, and accommodations available at the Subject Premises. This failure violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and the ADA's Accessibility Guidelines set forth in 28 C.F.R. Part 36.

24. As the legal owner of the Subject Premises, GRAMANZINI BEACH PROPERTIES III, LLC is responsible for ensuring that the property adheres to the accessibility requirements of the ADA. This includes the obligation to remove architectural barriers where doing so is readily achievable, as mandated by 42 U.S.C. § 12182(b)(2)(A)(iv).

25. SENOR FROG'S HOLLYWOOD, LLC, as the business operator at the Subject Premises, is responsible for maintaining policies and practices that comply with the ADA. This includes ensuring that all barriers within its leased space are removed or modified to allow full accessibility to individuals with disabilities.

26. Plaintiff's ability to access and utilize the Subject Premises, including its goods, services, facilities, privileges, advantages, and accommodations, has been significantly restricted

due to the presence of physical barriers, hazardous conditions, and multiple ADA violations, including but not limited to the following:

### Bar Area

**i. No Accessible Portion of Bar Provided**
Plaintiff is unable to sit at the bar, which lacks the required accessible portion for individuals using wheelchairs. ADA regulations require that at least 5% of dining surfaces be accessible and comply with height and clearance requirements. This violates §226.1 and §902.3 of the ADAAG and 2010 ADA Standards. Modifying the bar to include a compliant accessible section is readily achievable.

**ii. Bar Counter Height Exceeds Maximum Allowance**
The bar counter exceeds the maximum height allowed, making it inaccessible for Plaintiff and other wheelchair users. Dining surfaces must be no higher than 34 inches above the finished floor. This violates §902.3 of the ADAAG. Adjusting the counter height is readily achievable.

**iii. Required Toe Clearance Not Provided at Bar**
Plaintiff is unable to comfortably approach the bar due to the absence of required toe clearance. ADA regulations require at least 17 inches of toe space under accessible surfaces. This violates §§902.2, 306.2.3, and 306.2.5 of the ADAAG. Modifying the underside of the bar to provide adequate clearance is readily achievable.

### Dining Area

**iv. Insufficient Accessible Tables Provided**
The restaurant fails to provide the required minimum number of accessible dining tables, making it difficult for Plaintiff and other individuals using wheelchairs to find seating. At least 5% of seating must be accessible. This violates §226.1 of the ADAAG and 2010 ADA Standards. Providing accessible tables is readily achievable.

**v. Dining Tables Exceed Maximum Height Allowance**
Several dining tables exceed the permitted height of 34 inches, making them unusable by Plaintiff and other wheelchair users. This violates §902.3 of the ADAAG. Replacing or modifying these tables is readily achievable.

**vi. Knee Clearance Not Provided at Dining Tables**
Plaintiff is unable to comfortably sit at the dining tables due to insufficient knee clearance. ADA regulations require a minimum depth of 11 inches at 9 inches above the floor and 8 inches at 27 inches. This violates §§902.2, 306.3.3, and 306.3.5 of the ADAAG. Adjusting table design to provide compliant clearance is readily achievable.

### vii. Toe Clearance Not Provided at Dining Tables

Toe clearance under the dining tables is insufficient, making it difficult for Plaintiff and other wheelchair users to approach. ADA regulations require 17 inches of toe clearance at a minimum. This violates §§902.2, 306.2.3, and 306.2.5 of the ADAAG. Modifying the tables to allow for appropriate clearance is readily achievable.

### **Men's Restroom**

### viii. Inadequate Clearance at Water Closet

Plaintiff is unable to maneuver safely due to insufficient clearance around the water closet. ADA regulations require at least 60 inches from the side wall and 56 inches from the rear wall. This violates §604.3.1 of the ADAAG. Reconfiguring the stall to meet the required clearances is readily achievable.

### ix. Lavatory Mounted Too High

The lavatory is installed above the maximum height of 34 inches, making it difficult for Plaintiff to use. This violates §606.3 of the ADAAG. Lowering the lavatory to a compliant height is readily achievable.

### x. Paper Towel Dispenser Mounted Too High

Plaintiff is unable to reach the paper towel dispenser due to its excessive mounting height. ADA regulations limit the forward reach to 48 inches maximum. This violates §308.2.1 of the ADAAG. Repositioning the dispenser is readily achievable.

### xi. Mirror Mounted Too High

The mirror is mounted above the maximum allowed height of 40 inches, preventing Plaintiff and other wheelchair users from using it effectively. This violates §603.3 of the ADAAG. Lowering the mirror to a compliant height is readily achievable.

27.     Plaintiff has attempted to access the Subject Premises but was denied full and equal enjoyment of its goods, services, programs, and amenities due to his disability. The presence of physical barriers, unsafe conditions, and ADA violations caused him harm and will continue to do so unless Defendants take corrective measures to remove these barriers and comply with the ADA.

28.     Beyond his personal need to access the Subject Premises without encountering unlawful barriers, Plaintiff is an advocate for disability rights and serves as a "tester" to ensure that public accommodations adhere to ADA requirements. In this capacity, Plaintiff has visited the Premises, directly encountered access barriers, engaged with those barriers, and suffered harm. He intends to revisit the property on a recurring basis to assess compliance and verify that any required

7

modifications have been implemented and properly maintained. Plaintiff believes that absent Court intervention, Defendants will not address these violations, thereby subjecting him to continued harm.

29. Plaintiff, acting as a tester, plans to return to the Subject Premises once the necessary accessibility modifications are made. His intent is to confirm that Defendants have brought the property into compliance with the ADA and that all accessibility improvements are appropriately maintained.

30. The removal of the physical barriers, hazardous conditions, and ADA violations described herein is readily achievable and can be accomplished without excessive difficulty or financial burden, as outlined in 42 U.S.C. § 12182(b)(2)(A)(iv), 42 U.S.C. § 12181(9), and 28 C.F.R. § 36.304.

31. Plaintiff lacks an adequate remedy at law and continues to suffer irreparable harm due to Defendants' failure to remove the access barriers at the Subject Premises. Without Court intervention, Plaintiff reasonably expects that these conditions will persist, subjecting him to ongoing harm.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by addressing and remedying all identified accessibility violations.

33. Under 42 U.S.C. § 12188(a), this Court has the authority to grant injunctive relief, which includes requiring Defendants to modify the Subject Premises to ensure it is fully accessible and compliant with the ADA. Additionally, the Court has the power to order the temporary closure of the Subject Premises until all necessary modifications have been completed.

34.     Plaintiff has retained the undersigned counsel to initiate and litigate this action and is entitled to recover reasonable attorneys' fees, costs, and expenses from Defendants, as provided under 42 U.S.C. §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com